In re Michael W. STANLEY, Debtor.

Bankruptcy No. 84–00264–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Jan. 31, 1986.

James B. McCracken, Fort Lauderdale, Fla., Trustee.

---

**ORDER ON OBJECTION TO CLAIM FINDING CLAIMANT TO HOLD A PERFECTED SECURITY INTEREST NOTWITHSTANDING LACK OF RECORDATION**

A. JAY CRISTOL, Bankruptcy Judge.

This matter came on to be heard on August 12, 1985 at 9:00 a.m. on the objection of the trustee in bankruptcy to Claim No. 1 filed by Sears, Roebuck & Company.

The court is called upon to decide whether a purchase money security interest in consumer goods is an exception to the requirement that a financing statement must be recorded to perfect a security interest.

Sears, Roebuck & Company timely filed its claim, Claim No. 1, in the amount of $1,376.07 and alleged said claim to be a secured purchase money claim against various and diverse consumer merchandise purchased from Sears pursuant to the Sears, Roebuck & Company security agreement. The agreement signed by the debtor, dated July 2, 1982, was attached to the claim filed by Sears, Roebuck & Company.

Paragraph 7 of the agreement states as follows:

"7. SECURITY INTEREST IN GOODS. Sears has a security interest under the Uniform Commercial Code in all merchandise charged to the account. If I do not make payments as agreed, the security interest allows Sears to repossess only the merchandise which has not been paid in full."

It is the position of Sears that under the Florida Uniform Commercial Code, *Fla. Stat.* § 672.401, the retention by Sears of the title and the goods is limited to a reservation of a security interest subject to Article IX of the Uniform Commercial Code. Sears relies on the definition of consumer goods under *Fla.Stat.* § 679.109(1), as goods used or bought for use primarily for personal, family or household purposes. Sears claims it has a purchase money security interest in such consumer goods sold to its customers where the purchase of that item is financed by Sears and that the purchase money security interest is defined by *Fla.Stat.* § 679.107 as a security interest retained by the seller of the collateral to secure all or part of its price or where the seller gives value to enable the debtor to acquire the collateral. Sears further argues that a purchase money security interest in consumer goods is an exception to the requirement that a financing statement must be filed to be perfected. Sears cites *Fla.Stat.* § 679.302(1)(d) for the proposition that a financing statement does not have to be filed to perfect a purchase money security interest in consumer goods regardless of the value of the collateral.

This theory has been upheld *In re Tucker,* 36 B.R. 706 (S.D.Ill.1984).

A similar result was confirmed *In re Anderson,* 23 B.R. 130 (D.Neb.1982).

**330**

There are apparently two exceptions to the provisions of *Fla.Stat.* § 679.302 which states that filing is not required to perfect a purchase money interest in consumer goods. The first exception is that filing is required if the goods are also fixtures and filing must be made with the Clerk of the Circuit Court under *Fla.Stat.* § 679.313. The second exception is that if the debtor sells the consumer goods to a third party buyer, that buyer takes free of the security interest even though it is perfected, if the buyer has no knowledge of the security interest and buys the goods, for value, for his own personal, family or household purposes. The security interest is only good against that innocent purchase for value if a financing statement has been filed with the Secretary of State.

This court is satisfied that recording is not required to perfect a purchase money security interest (*Fla.Stat.* § 679.107) in consumer goods (*Fla.Stat.* 679.109; *Fla. Stat.* § 679.302(1)(d)). Accordingly, it is

**ORDERED** that the objection to claim of the trustee in this cause is overruled and that Sears is entitled to a secured position on the specific assets of the debtor identified in the purchase invoice nos. 8056932 and 8056933 as attached to the claim of Sears in this cause to the extent of a value of $1,356.57. Any amount left unpaid after liquidation of said securities, is thereafter allowed as an unsecured claim against the estate of the debtor.